COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Annunziata and
          Senior Judge Coleman


MARK D. KIDD
                                        MEMORANDUM OPINION*
v.    Record No. 2675-02-3                  PER CURIAM
                                          ARPRIL 1, 2003
TERRY LYNN THOMAS, UNITED CITIES
 GAS COMPANY AND TRAVELERS
 INDEMNITY COMPANY OF CONNECTICUT


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

                (Mark D. Kidd; Osterhoudt, Prillaman, Natt,
                Helscher, Yost, Maxwell & Ferguson, PLC, on
                brief), for appellant.

                (Terry Lynn Thomas, pro se, on brief).

                No brief for United Cities Gas Company and
                Travelers Indemnity Company of Connecticut.


     Mark D. Kidd contends the Workers' Compensation Commission

erred in reducing the attorney's fees awarded to him by the

deputy commissioner upon the ex parte request of Terry Lynn

Thomas (claimant).  Upon reviewing the record and the parties'

briefs, we conclude that this appeal is without merit.

Accordingly, we summarily affirm the commission's decision.

Rule 5A:27.

     The record shows that on June 14, 2002, Deputy Commissioner

Costa entered an order approving a petition for compromise

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

settlement of claimant's claim due to compensable injuries he received while in the course of his employment with United Cities Gas Company. The settlement amount accepted by claimant was $99,500. The deputy commissioner awarded Kidd, claimant's attorney, an attorney's fee of $19,900.

On June 21, 2002, claimant filed a two-page handwritten request for review of the deputy commissioner's decision to award $19,900 in attorney's fees to Kidd. Claimant set forth detailed reasons for his request for review.

On July 3, 2002, the commission sent the parties a Notice of Receipt of Application for Review. That notice informed the parties that claimant was challenging the attorney's fee awarded in the June 14, 2002 order and that the review would proceed on the record. The reverse side of the notice indicated that pursuant to Rule 3.2, the commission would advise the parties of a schedule for filing brief written statements supporting their positions. The record does not contain a notice of the scheduling of written statements. Kidd did not file with the commission any written response to claimant's request for review of the attorney's fee award.

On September 19, 2002, the commission rendered an opinion amending the compromise order to show an attorney's fee award of $13,750. Kidd did not file a motion for reconsideration after the commission rendered its September 19, 2002 opinion nor did

he set forth in writing to the commission any of the arguments he now raises on appeal.

Irrespective of the commission's Rule 3.2 regarding written statements, Kidd had approximately two and one-half months, between July 3, 2002 and September 19, 2002, to present his arguments to the commission in response to claimant's request for review of the attorney's fee award. Kidd filed nothing with the commission. After the commission rendered its September 19, 2002 decision, Kidd did not file a motion for reconsideration. He did not inform the commission in any manner of his arguments that the commission erred by not scheduling written statements and by not allowing him to present his position and that it abused its discretion by reducing the attorney's fee award. Accordingly, we will not consider those arguments for the first time on appeal. See Rule 5A:18.

For these reasons, we affirm the commission's decision.

Affirmed.